1  SARAH DE DIEGO (239321)
   DE DIEGO LAW LLC
2  1607 Ave Juan Ponce de Leon
   Cobian Plaza GM06
3  San Juan, PR 00909
   Tel:  310-980-8116
4  Fax:  866-774-7817
   sarah@dediego.law
5
   Attorneys for Defendant
6

7
                    UNITED STATES DISTRICT COURT
8
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10
   ASHLEY NICHOLS, individually and            CASE NO. **'20 CV0210 BAS AHG**
11 on behalf of all others similarly situated,  (Removed from Superior Court of the
                                                State of California, San Diego County;
12              Plaintiff,                      Case No. 37-2019-00055550-CL-MC-
                                                CTL)
13 vs.
                                                CLASS ACTION
14 ASSURANCE IQ, INC. d/b/a
   MedicarePlan.com; and DOES 1-100,           **NOTICE OF REMOVAL OF STATE
15 inclusive,                                   COURT CIVIL ACTION**

16              Defendants.

17                                              Action Filed: October 18, 2019
                                                Trial Date:   None Set
18

19

20

21

22

23

24

25

26

27

28


NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Assurance IQ, LLC, formerly known as Assurance IQ, Inc.[1] ("Assurance") provides notice that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, it hereby removes to this Court the state court class action styled as *Ashley Nichols v. Assurance IQ, Inc. d/b/a MedicarePlan.com et al.*, San Diego Superior Court Case No. 37-2019-00055550-CL-MC-CTL.

The following is a listing of the pleadings to date and a plain statement of the grounds for removal:

## BACKGROUND

1. On October 18, 2019, Plaintiff Ashley Nichols ("Plaintiff") filed a limited jurisdiction (amount up to $10,000) Complaint for Violations of California Restrictions on Unsolicited Commercial E-Mail in the Superior Court for the State of California, County of San Diego, Case No. 37-2019-00055550-CL-MC-CTL. On December 26, 2019 Plaintiff filed a First Amended Class Action Complaint (the "First Amended Complaint") against Defendant Assurance and Does 1-100, inclusive. A copy of the First Amended Complaint and the entire state court file to date are attached hereto as Exhibit A.

2. In the First Amended Complaint, Plaintiff claims that Assurance engaged in tortious conduct through alleged violation of Cal. Bus. & Prof. Code § 17529.5 and that Plaintiff suffered damages as a result. *See* First Amended Complaint ¶¶ 12, 41, 84 at Exhibit A.

3. Plaintiff purports to act on behalf of a class of California residents defined as "All California residents who received false or deceptive unsolicited

---

[1] Assurance IQ, Inc., a Washington Corporation converted to a Washington limited liability company on October 9, 2019, prior to commencement of this suit.

2
NOTICE OF REMOVAL

commercial e-mail in violation of California Business & Professions Code § 17529.5, which advertised Defendant, within one year prior to the filing of this Action." *Id.* at ¶ 87. "Excluded from the Class are (1) Defendant's officers, directors, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; and (2) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff." *Id.* at ¶ 88.

4. This Notice of Removal is timely because Assurance filed it within thirty days of receipt of the First Amended Complaint, which was sent to Defendant's counsel on January 3, 2020. *See* 28 U.S.C. § 1446(b)(3).

5. Removal to this district is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was filed in this district.

6. Removal is proper as this court has diversity jurisdiction due to the amount in controversy exceeding $75,000 and the parties having complete diversity of citizenship.

7. Defendant will contemporaneously file a copy of this notice and related documents with the clerk of the Superior Court under 28 U.S.C. § 1446(d).

**THIS COURT HAS DIVERSITY JURISDICTION**

8. The alleged amount in controversy exceeds $75,000 and there is complete diversity between the parties. Pursuant to 28 U.S.C. § 1332(a), a district court has original jurisdiction over all civil actions where the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1441(b); 28 U.S.C. §1332.

9. The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00, exclusive of interests and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

398, 403-04 (9th Cir. 1996). Based on the allegations in the First Amended Complaint, it is more likely than not that Plaintiff's claims exceed $75,000.

10. Plaintiff's prayer for relief only requests a total of $2,000 of liquidated damages (for the two e-mails she allegedly received) on behalf of the entire class, however Plaintiff also seeks "Reasonable attorneys' fees and costs as authorized by Bus. & Prof. Code 17529.5(b)(1)(C)" and "Disgorgement of all profits derived from unlawful spams directed to California residents". First Amended Complaint, at p. 19.

11. Cal. Bus. & Prof Code §17529.5(b)(1)(C) provides for a statutory award of attorney fees to a prevailing plaintiff. In *Balsam v. Trancos,* 203 Cal. App. 4th 1083 (Cal. App. Ct. 2012), a case involving a single plaintiff with only seven emails at issue, the trial court awarded $81,900 in attorney fees. Here, Plaintiff alleges that the potential class includes thousands of members which would result in a much larger and more complex case than was at issue in *Balsam v. Trancos* and potentially a much higher award of attorney fees. *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

12. Costs are also included as a statutory award to the prevailing party under Cal. Bus. & Prof Code §17529.5(b)(1)(C) and those costs may also be included in the amount in controversy. In denying a motion to remand in an analogous case the California District Court held "Although costs are typically excluded from the amount in controversy, and Plaintiff here is self-represented, it is appropriate to consider costs where the underlying statute authorizes their award either with mandatory or discretionary language….Thus, costs can be considered in calculating the amount in controversy in this action." *See Silverstein v. Keynetics, Inc.,* No. LA CV18-04100 JAK (AGRx), 2018 U.S. Dist. LEXIS 189114, at *14 n.5 (C.D. Cal. 2018). Plaintiff seeks an award that includes costs of suit and has demanded a jury trial. *See* First

Amended Complaint ¶ 108-109 at Exhibit A.  Filing an unlimited civil case costs $435 and requires advancing a jury fee of $150$_2$.  Jurors receive $15.00 per day starting on the second day of trial so assuming a five-day jury trial involving twelve jurors plus one alternate, Plaintiff would incur $780 in daily juror fees plus mileage costs.  Each full day of court reporting costs $886 so a five-day trial would cost $4430 in court reporter fees. In addition, there is a $60 court filing fee for every motion filed and a $443 court reporter fee for proceedings lasting more than one hour. This does not take into account ordering transcripts, taking depositions, service fees, and expert witness fees. As the statute provides for costs, costs should be factored into the amount in controversy.

13.     Taking into account the alleged liquidated damages and statutory attorney fees and costs, not to mention Plaintiff's request for disgorgement of all profits, the amount in controversy exceeds $75,000.00.

14.     The parties here are completely diverse. Plaintiff states in her First Amended Complaint that she is "an individual domiciled in the State of California, County of San Diego." *See* First Amended Complaint ¶ 17. Defendant Assurance is organized as a limited liability company in the State of Washington and maintains its principal place of business in the State of Washington.

15.     As such, complete diversity of citizenship exists because the Defendant is not a citizen of the same state as Plaintiff.  In addition, the class that Plaintiff purports to act on behalf of is limited to citizens of California.

16.     Here, the alleged amount in controversy exceeds $75,000 and complete diversity exists between the parties.  As such, this action is properly removed.

---

[2] Costs are taken from the Superior Court of California, County of San Diego's Civil Fee Schedule and Jury Duty General Information pages available at http://www.sdcourt.ca.gov/portal/page?_pageid=55,1057199&_dad=portal&_schema=PORTAL and
http://www.sdcourt.ca.gov/portal/page?_pageid=55,1406353&_dad=portal&_schema=PORTAL

5

NOTICE OF REMOVAL

## THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER

17. In accordance with 28 U.S.C. § 1446(a), all copies of papers filed in the State Court action as of the filing of this Notice of Removal are attached to this Notice.

18. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) and § 1446(a) because this action was removed from San Diego County Superior Court, located within the District and Division of the Court.

19. No previous notice of removal has been filed in this case.

20. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Assurance filed it within thirty days of receipt of the First Amended Complaint.

21. Pursuant to 28 U.S.C. § 1446(d), Assurance is providing written notice to Plaintiff of the removal of this action.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of San Diego.

23. Assurance is the only named defendant in this action. Assurance is not required to investigate the identity of the unnamed "Doe" defendants or to obtain their consent for removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). In any event, no Doe defendant has been joined and served. Assurance is not required to obtain consent to remove from defendants who have not been served. *See* 28 U.S.C. § 1446(b); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

## CONCLUSION

For all of the reasons set forth above, Assurance removes the action brought by Plaintiff in the Superior Court of the State of California for the County of San Diego to this Court.

DATED: January 31, 2020

DE DIEGO LAW LLC

_____
SARAH DE DIEGO
Attorneys for Defendant