SARAH DE DIEGO (SBN 239321)
sarah@dediego.law
DE DIEGO LAW LLC
1607 Ave Juan Ponce de Leon
Cobian Plaza GM06
San Juan, PR 00909
Telephone:  310-980-8116
Facsimile:   866-774-7817

LAURA LEIGH GEIST (SBN 180826)
laura.geist@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
Telephone:  (415) 882-5000
Facsimile:   (415) 882-0300

NATHAN L. GARROWAY (*Pro Hac Vice* Applicant)
nathan.garroway@dentons.com
DENTONS US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA  30308-3265
Telephone:  404 527-4000
Facsimile:   404 527-4198

JUDITH SHOPHET SIDKOFF (SBN 267048)
judith.sidkoff@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017-5704
Telephone:  213 623-9300
Facsimile:   213 623-9924

Attorneys for Defendant
ASSURANCE IQ, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSURANCE IQ, INC. d/b/a MedicarePlan.com; and DOES 1-100, inclusive,<br><br>Defendants. | No.  3:20-cv-00210-BAS-AHG<br><br>CLASS ACTION<br><br>**DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** |

1

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

Action Filed:  October 18, 2019
Removed:       January 31, 2020
Trial Date:    None Set
Hearing Date:  April 6, 2020

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

TO THE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that, on April 6, 2020, Defendant Assurance IQ, LLC, will and hereby does move to dismiss plaintiff's complaint.

This motion is made pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that Plaintiff cannot establish personal jurisdiction over Assurance IQ, LLC. Specifically, Plaintiff cannot establish general jurisdiction because Assurance IQ, LLC ("Assurance") is a Washington company that is headquartered in the State of Washington and is not otherwise "at home" in California. There is also no specific jurisdiction because Assurance did not send the emails alleged in Plaintiff's Complaint, much less intentionally send them to Plaintiff or into California. The alleged conduct at issue in the Complaint arises from the conduct of third-party advertising companies and not from Assurance.

Nor would exercising personal jurisdiction otherwise be fair or just. Assurance is a Washington company and its witnesses and documents are located in Washington, at Assurance's principal place of business. California interests in pursuing a Washington company for one or two emails, neither sent nor directed to Plaintiff by Assurance, is nominal. Assurance had no direct communication nor any business activities with Plaintiff in California. There is no evidence any other California resident received the same emails. California residents have no substantial interest. Plaintiff's interest in obtaining relief from Assurance for the one, possibly two, emails she allegedly received (to the extent she can prove she is

2

entitled to any relief) is unaffected by dismissal here.  Plaintiff can bring her suit against Assurance in the State of Washington.

This motion is based on the accompanying Memorandum of Points and Authorities, the Declarations of Sarah de Diego, John Lorge and Tom Crowder, and any other oral or documentary evidence that may be presented to this Court during the hearing.

This motion is made following the conference of counsel that took place on February 27, 2020.  *See* Declaration of Sarah de Diego.

Respectfully submitted,

Dated:  March 6, 2020

DE DIEGO LAW LLC

By:   */s/Sarah de Diego*_____
        Sarah de Diego

DENTONS US LLP

Dated:  March 6, 2020

By:   */s/Laura Geist*_____
        Laura Leigh Geist
Attorneys for Defendant
ASSURANCE IQ, INC. d/b/a
MedicarePlan.com

SIGNATURE CERTIFICATION

I hereby certify that the contents of this  document are acceptable to Sarah de Diego, co-counsel for Defendant Assurance IQ, Inc. d/b/a MedicarePlan.com and that I have obtained counsel's authorization to affix her signature to this document.

By:  */s/Laura Geist*_____

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

1
2

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ......................................................................................... 1

II.    STATEMENT OF FACTS ............................................................................ 2

  A.   Assurance Is Not Located in California. ................................................. 3

  B.   Assurance Did Not Send the Emails at Issue.......................................... 4

III.   LEGAL STANDARD .................................................................................. 6

IV.   ARGUMENT .............................................................................................. 7

  A.   There Is No General Jurisdiction over Assurance. ................................. 7

     **1.  Assurance is Not "At Home" in California**..................................... 7

     **2.  Neither Filing Income Tax Nor Advertising in California is Sufficient to Establish General Jurisdiction** ......................................................... 9

  B.   There Is No Basis for Specific Jurisdiction over Assurance............................ 10

     **1.  Assurance Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California.**................................................. 11

     **2.  Plaintiff's Claim Does Not Arise Out of Any Forum-Related Activity of Assurance.** .................................................................................. 15

     **3.  Exercising Jurisdiction over Assurance Would Offend Traditional Notions of Fair Play and Substantial Justice.** ................................. 16

V.    CONCLUSION ......................................................................................... 18

i

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Aggrenox Antitrust Litig.*,
94 F. Supp. 3d 224 (D. Conn. 2015) ........................................................ 8

*Agher v. Envoy Air, Inc.*,
No. CV 18-6753-R, 2018 U.S. Dist. LEXIS 223964 (C.D. Cal. Oct.
1, 2018) ..................................................................................................... 8

*Alsop v. Carolina Custom Prods., Inc.*,
2007 U.S. Dist. LEXIS 65679 (C.D. Cal. June 29, 2007) ...................... 12

*Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.*,
2016 U.S. Dist. LEXIS 184768 (C.D. Cal. Jan. 5, 2016) ........................ 7

*Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal.*,
480 U.S. 102 (1987) ............................................................................... 17

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
223 F.3d 1082 (9th Cir. 2000) ............................................................... 10

*Barone v. Intercontinental Hotels Grp.*,
2016 U.S. Dist. LEXIS 66851 (N.D. Cal. May 20, 2016) ........................ 7

*Benjamin v. Western Boat Bldg. Corp.*,
472 F.2d 723 (5th Cir. 1973) ................................................................. 12

*Bristol-Myers Squibb Co. v. Sup. Ct.*,
137 S. Ct. 1773 (2017) ................................................................. 6, 11, 15

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................... 15

*Cascade Corp. v. Hiab-Foco AB*,
619 F.2d 36 (9th Cir. 1980) ................................................................... 12

*Charia v. Cigarette Racing Team, Inc.*,
583 F.2d 184 (5th Cir. 1978) ................................................................. 12

*Chee Vang v. State Farm Mut. Auo. Ins. Co.*,
  2019 U.S. Dist. LEXIS 65463 (D. Ariz. Apr. 17, 2019) ......................................... 8

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ......................................................................... 7

*Congoleum Corp. v. DLW Aktiengesellschaft*,
  729 F.2d 1240 (9th Cir. 1984) ......................................................................... 9

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ......................................................................... 17

*Cybersell Inc. v. Cybersell Inc.*,
  130 F.3d 414 (9th Cir.)(1997) ......................................................................... 16

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ............................................................................... 7, 10

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) (overruled on other grounds) ................................... 3

*Doering v. Copper Mt., Inc.*,
  259 F.3d 1202 (10th Cir. 2001) ..................................................................... 10

*Durward v. One Techs. LLC*,
  2019 U.S. Dist. LEXIS 174012 (C.D. Cal. Oct. 3, 2019) ............................... 13, 14

*Fields v. Sedgwick Associated Risks, Ltd.*,
  796 F. 2d 299 (9th Cir. 1986) ......................................................................... 17

*Giangola v. Walt Disney World Co.*,
  753 F. Supp. 148 (D. N.J. 1990) ..................................................................... 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ......................................................................................... 6

*Haas v. A.M. King Indus., Inc.*,
  28 F. Supp. 2d 644 (D. Utah 1998) ............................................................ 10, 12

*Kransco Mfg., Inc. v. Markwitz*,
  656 F.2d 1376 (9th Cir. 1981) ....................................................................... 15

*Lindora, LLC v. Isagenix Int'l, LLC*,
  198 F. Supp. 3d 1127 (2016) ........................................................................... 3

iii

*Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*,
  2011 U.S. Dist. LEXIS 12150 (D. Ariz. Jan. 31, 2011) ........................................ 12

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
  52 F.3d 267 (9th Cir. 1995) ..................................................................................... 11

*Park West Galleries, Inc. v. Franks*,
  2012 U.S. Dist. LEXIS 87231 (C.D. Cal. May 25, 2012)........................................ 8

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ................................................................................. 11

*Phillips v. Worldwide Internet Sols.*,
  2006 U.S. Dist. LEXIS 44152 (N.D. Cal. June 20, 2006) ................................. 9, 12

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ................................................................................. 11

*Rano v. Sipa Press, Inc.*,
  987 F.2d 580 (9th Cir. 1993) ................................................................................... 11

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................................. 1, 7

*Senne v. Kansas City Royals Baseball Corp.*,
  105 F. Supp. 3d 981 (N.D. Cal. 2015)....................................................................... 9

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ................................................................................... 6

*Silverstein v. Experienced Internet.Com, Inc.*,
  2005 U.S. Dist. LEXIS 50499 (N.D. Cal. Jul. 11, 2005) ....................................... 15

*Sinatra v. Nat'l Enquirer, Inc.*,
  854 F.2d 1191 (9th Cir. 1988) ................................................................................. 18

*Vantage Mobility Int'l LLC v. Kersey Mobility LLC*,
  2020 U.S. Dist. LEXIS 8291 (D. Ariz. Jan. 17, 2020)........................................ 8, 9

*Walden v. Fiore*,
  571 U.S. 277 (2014)........................................................................................... 11, 16

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) ................................................................................... 7

iv

*Zoobuh, Inc. v. Williams*,
2014 U.S. Dist. LEXIS 175737 (D. Utah Dec. 18, 2014) .........................12, 13, 14

**Statutes**

Cal. Bus. & Prof Code 17529.5 ................................................................... 13

California Business & Professions Code § 17529.5(a)(1) ............................................ 1

federal CAN-SPAM Act ................................................................................ 9

**Other Authorities**

Fourteenth Amendment ................................................................................ 18

Fed. R. Civ. P. Rule 12(b)(2) ........................................................... 2, 3, 6, 18

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court lacks personal jurisdiction over Defendant Assurance IQ, LLC ("Assurance").  Plaintiff, Ashley Nichols, cannot meet her burden to prove either general or specific jurisdiction.  Plaintiff must make a prima facie showing of personal jurisdiction through admissible evidence to avoid a motion to dismiss and "cannot 'simply rest on the bare allegations of its complaint.'"  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Plaintiff's Complaint not only fails to make a prima facie showing of personal jurisdiction over Assurance, it makes no showing. Nor does it provide any basis for personal jurisdiction.

Plaintiff has not and cannot establish general jurisdiction.  She seeks to hale Assurance into a foreign forum where Assurance does not have "continuous and systematic" general business contacts or a physical presence.  This is not Assurance's "home."  It is not incorporated or headquartered here.  Assurance is a Washington company.  Assurance has no offices in California.  All of Assurance's witnesses, documentary evidence, and documents related to the claims and possible defenses in this case, are located outside of California.  Assurance's commercial operations mainly occur at its headquarters in the State of Washington, with operations also occurring from other locations, including from its offices in Florida, Pennsylvania, Illinois and Canada.  There is nothing to support a claim that this is Assurance's forum state.  Plaintiff cannot meet the high bar required to establish general jurisdiction.

Nor can Plaintiff establish specific jurisdiction.  Assurance did not purposefully avail itself of this forum, nor did the activities alleged here arise out of Assurance's forum related activities.  Plaintiff's sole cause of action is for allegedly receiving two unsolicited commercial emails she claims were sent in violation of California Business & Professions Code § 17529.5(a)(1).  Assurance did not send the

emails.  Plaintiff concedes the two emails were sent by someone else in Paragraph 72 of her Complaint:  "…Defendant contracted with third-party advertising networks and affiliates to advertise its websites for the purpose of selling products and services for a profit."[1]  (*See* ECF No. 1-2, First Amended Complaint ("FAC") ¶ 72.)  Not only did Assurance not send the emails at issue, Assurance had no communication with Plaintiff and was not even aware Plaintiff had received these emails until the filing of this Complaint.

There is no evidence that any other California resident received the same or similar emails, nor is Assurance able to determine whether any other California residents received the same email as Plaintiff.

Assurance had no direct communications or any business relationship with Plaintiff in California.  Plaintiff's claims do not arise from Assurance's activities in California and Assurance lacks sufficient minimum contacts with California to be haled into this Court.  Exercising personal jurisdiction over Assurance in California fails the third prong for specific jurisdiction as it would be unfair and unjust.  There is no prejudice to Plaintiff in bringing her claims against Assurance in Washington.

Assurance requests that the Court dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. Rule 12(b)(2).

## II.   STATEMENT OF FACTS

Plaintiff has not and cannot establish facts sufficient to meet her burden to establish personal jurisdiction against Assurance.  She cannot establish general jurisdiction as California is not Assurance's "home" or forum state.

---

[1] Plaintiff's First Amended Class Action Complaint, originally filed in the underlying state court action on December 26, 2019, and then removed to this Court is referenced herein as the "Complaint."  A copy of the Complaint was attached as Exhibit A to Assurance's Notice of Removal (ECF No. 1).

### A.   Assurance Is Not Located in California.

Assurance is a Washington limited liability company, formerly a Washington corporation, with its principal place of business located in Bellevue, Washington.[2] (Crowder Decl. ¶ 2.)  Plaintiff even points this out in Paragraph 23, of her Complaint that "…Defendant…was at all relevant times, a Washington corporation headquartered in the city of Bellevue, Washington."  (*See* ECF No. 1-2, FAC ¶ 23.) Assurance also has offices in Florida, Pennsylvania, Illinois and Canada.  (Crowder Decl. ¶ 3).  Assurance's sole member is Prudential Financial, Inc., a publicly traded company.  (*Id.* ¶ 2.)

Assurance operates a variety of websites which provide consumers with the ability to obtain insurance quotes.  Assurance uses advanced online technology and data science to help consumers find insurance policies tailored to their specific needs, with the aim of helping consumers save time and money.  (Lorge Decl. ¶ 4.)

Assurance's headquarters are in Bellevue, Washington and it has satellite offices Florida, Pennsylvania, Illinois and Canada.  (Crowder Decl. ¶¶ 2-3.) Assurance has 135 employees across the United States and 15 employees in Canada. Five of those 150 employees (less than 4%) are remotely located in California, and engaged in activities wholly unrelated to this Complaint.  (Crowder Decl. ¶¶ 5-6; Lorge Decl. ¶ 3.)  Four of these remote employees work from home in California providing support services, including technical support, to insurance agents that utilize Assurance's insurance platform.  (Crowder Decl. ¶ 6.)  The fifth employee is the Chief Growth Office at Assurance's Bellevue office but is allowed to work

---

[2] A court may consider evidence presented in affidavits or declarations to assist in Rule 12(b)(2) determinations.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (overruled on other grounds); *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (2016) ("In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion").

remotely, including from his home in California, approximately half of the time. (*Id.* ¶ 6.) None of these employees are engaged in activities that are related to, or relevant to, this case. (Lorge Decl. ¶ 3.) Assurance does not own, use, or possess any real estate, offices, property, bank accounts, or mailing addresses in California. (Crowder Decl. ¶ 7.) Assurance provides all of its relevant services from outside of California. (Lorge Decl. ¶¶ 2-3.) Assurance is licensed to provide insurance services in all fifty states but does not maintain an address in California, is not registered with the California Secretary of State's office, and does not maintain an agent or address for service of process in California. (Crowder Decl. ¶ 8.)

### B.   Assurance Did Not Send the Emails at Issue.

Assurance did not send *any* emails to Plaintiff. (Lorge Decl. ¶¶ 5, 21-22.) Assurance, through its subsidiary National Family Assurance Group LLC ("National Family"), contracts with independent third-party advertising agencies and publishers to provide advertising services for Assurance. These third-party advertising agencies and publishers ("Publishers") provide various forms of advertising, including display, native, social, *i.e.* through Facebook, and email marketing. (*Id.* ¶ 7.)

Where third-party Publishers provide advertising services via email, Assurance has no access to or control over, the third-party Publisher's email database. (*Id.* ¶ 9.) The third-party Publishers solely control all aspects of transmitting the email advertisements and choose each email's recipient without input or guidance from Assurance. (*Id.* ¶¶ 9-12.) As required by law, Assurance requires that Publishers refrain from transmitting email advertising campaigns to any email recipient who has previously requested to opt out of receiving emails advertising Assurance. (*Id.* ¶ 9.) Other than requiring that Publishers refrain from emailing people who have opted-out, Assurance does not know, does not direct, and has no control over, where the emails are sent. (*Id.* ¶¶ 9-10, 17.) Assurance does not decide which recipients receive the emails that such third-party Publishers send or

4

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

exercise any control over the activities of these independent third-party Publishers. (*Id*.)

Plaintiff does not allege that Assurance personally sent her the emails at issue. Rather, in accord, she avers, "Plaintiff is informed and believes and thereon alleges that Defendant contracted with third-party advertising networks and affiliates to advertise its websites for the purpose of selling products and services for a profit" and that Assurance "chose to outsource [its] advertising."  (*See* ECF No. 1-2, FAC ¶¶ 72, 73.)

Plaintiff alleges she received two emails advertising Assurance, however information provided by counsel for Plaintiff, only possibly identifies the publisher of one email.  (Lorge Decl. ¶ 13.)  Assurance believes, based on information provided by Plaintiff's counsel, that the Publisher who sent this one email, is located in the Philippines.  (*Id.* at ¶ 14.)  The Publisher, through an advertising agency, sporadically provided advertising services to National Family and Assurance during the period of October 12, 2018 to November 26, 2018 and again during March 19, 2019 to May 17, 2019.  The Publisher was only paid $1,034 in total for the advertising services it provided to National Family and Assurance.  (*Id*. at ¶ 15.)

Other than as alleged in Plaintiff's Complaint, Assurance has no knowledge of whether any other California residents received the same email by this Publisher.  (*Id*. ¶ 16.)  Assurance is unable to determine if *any* California residents, other than Plaintiff, received emails from this Publisher.  (*Id*. at ¶ 18.)

The advertising services performed by the Publisher resulted in Assurance receiving a total of three leads from consumers residing in California, however those three leads may have been the result of other forms of advertising, not email.  (*Id*. ¶ 20.)  Assurance is unable to ascertain if those three leads were the result of email advertising or some other form of advertising such as display advertisements or social media.  (*Id*.)

Assurance files state income tax returns in 38 states, including California, however Assurance did not owe any tax in California for 2018 or 2019, nor pay any tax related to the Plaintiff and there was no revenue or profit generated or received by Plaintiff.  (Crowder Decl. at ¶ 9.)  Assurance was unaware that Plaintiff had received these emails or Plaintiff's identity until after being served with this suit; Plaintiff has not received any products or services from Assurance; and to Assurance's knowledge there has been no contact between Assurance or Plaintiff at any point.  (Lorge Decl. at ¶¶ 21-22.)

Nor does Plaintiff allege any direct contact with Assurance.  She does not allege she visited Assurance's website, or obtained any services from Assurance.  In fact, Plaintiff does not allege that Assurance engaged in any activity in California, let alone the activity giving rise to the allegations in her Complaint.

The Complaint should be dismissed for lack of personal jurisdiction over Assurance.

## III.   LEGAL STANDARD

Plaintiff must establish personal jurisdiction or else face dismissal of her action.  "The burden of proof is on the plaintiff to show that jurisdiction is appropriate…." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(2).  A court may only exercise personal jurisdiction over a non-resident defendant if doing so would comport with the Fourteenth Amendment's Due Process Clause because it "exposes defendants to the State's coercive power." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011).

There are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S. Ct. 1773, 1780 (2017).  Plaintiff bears the burden to make a prima facie showing of personal jurisdiction through admissible evidence and "cannot 'simply rest on the bare allegations of its

complaint.'" *Schwarzenegger*, 374 F.3d at 800.  Moreover, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Plaintiff fails to meet her burden of showing either general or specific personal jurisdiction.

## IV.   ARGUMENT

### A.   There Is No General Jurisdiction over Assurance.

#### 1.   Assurance is Not "At Home" in California.

Plaintiff has utterly failed to meet her high burden of establishing that general jurisdiction exists over Assurance, a Washington limited liability company with its principal place of business in Washington.  In determining whether general jurisdiction exists over a limited liability company, courts are guided by the personal jurisdiction jurisprudence that has arisen in cases discussing corporations.  *See Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.*, 2016 U.S. Dist. LEXIS 184768, *6 (C.D. Cal. Jan. 5, 2016).  A corporation's "place of incorporation and principal place of business are paradigm bases for general jurisdiction."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  In an "exceptional case," courts may consider whether a corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."  *Id*. at 761 & n.19 (citation and quotations omitted); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022 (9th Cir. 2017).

Ninth Circuit courts have interpreted *Daimler* as requiring a comparison between a corporation's ties to the forum state and its operations elsewhere, finding no general jurisdiction where a defendant corporation's "California contacts are minor compared to its other worldwide contacts."  *Barone v. Intercontinental Hotels Grp*., 2016 U.S. Dist. LEXIS 66851, at *22 (N.D. Cal. May 20, 2016) (citing *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)); *see also Chee*

7

*Vang v. State Farm Mut. Auo. Ins. Co.*, 2019 U.S. Dist. LEXIS 65463, at *11 (D. Ariz. Apr. 17, 2019) (defendant not subject to general jurisdiction in Arizona, despite its conducting of business and maintenance of an office and staff in Arizona, after comparison of such Arizona operations with its out of state operations); *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 256 (D. Conn. 2015) (granting motion to dismiss); *Park West Galleries, Inc. v. Franks*, 2012 U.S. Dist. LEXIS 87231, at *12 (C.D. Cal. May 25, 2012) (same).

Assurance is not "at home" in California. Assurance is a Washington limited liability company with its principal place of business located in Bellevue, Washington. (Crowder Decl. ¶ 2) Assurance also does not own, use, or possess any real estate, offices, property, bank accounts or mailing addresses in California. (*Id.* ¶ 7.) Assurance has 135 employees in the United States and 15 employees in Canada, with only five remote employees located in California, who provide services wholly unrelated to this case. (Crowder Decl. ¶¶ 5-6; Lorge Decl. ¶ 3); *see Agher v. Envoy Air, Inc.,* No. CV 18-6753-R, 2018 U.S. Dist. LEXIS 223964, at *5 (C.D. Cal. Oct. 1, 2018) ("Approximately 8500 American *employees*, which is less than 8% of American's total workforce, are based in California. American's contacts with California are certainly not so substantial as to make American 'at home' in California. Thus, the Court does not have *general jurisdiction* over American.") (emphasis added). Here, less than 4% of Assurance's workforce is located in California and the presence of those few employees does not make Assurance "at home" in California either. *See Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 2020 U.S. Dist. LEXIS 8291, *8 (D. Ariz. Jan. 17, 2020) ("Even after considering Plaintiff's allegations that [defendant] has conducted training, participated in disability conventions, and located a service facility in Arizona, the Court finds that [it]'s affiliations with Arizona are not so extensive as to render it essentially at home in Arizona when considering its activities in their entirety.").

Assurance provides all of its relevant services from outside of California, and thus does not have any operations in California, let alone continuous and systematic operations.  (Lorge Decl. ¶ 3.)  Nor are any of Assurance's other activities sufficient to confer general jurisdiction.

### 2.  Neither Filing Income Tax Nor Advertising in California is Sufficient to Establish General Jurisdiction.

Assurance files state income tax returns in 38 states, including California. (Crowder Decl., ¶ 9.)  However, here no services were provided to Plaintiff and any payment or tax filing is unrelated to any of the conduct alleged in Plaintiff's complaint.  *Id.*  Regardless, paying taxes falls far short of what is required to render it "essentially at home" in California for general jurisdiction to attach.  *See, e.g., Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 999, 1021 (N.D. Cal. 2015) (rejecting exercise of general jurisdiction where, among other connections, baseball franchises paid taxes to California).

In addition, emails allegedly advertising Assurance, sent by a third-party Publisher, and supposedly received by one California resident are insufficient to confer general jurisdiction.  In *Phillips v. Worldwide Internet Solutions*, the court found no general jurisdiction against a defendant in a case alleging violations of California's anti-spam statute and the federal CAN-SPAM Act, despite the defendant having California customers and being "partnered" with California vendors. "Engaging in commerce with residents of the forum state is not in and of itself the kind of activity th[at] approximates physical presence within the state's borders." *Phillips v. Worldwide Internet Sols.*, 2006 U.S. Dist. LEXIS 44152, at *15 (N.D. Cal. June 20, 2006) (internal quotations and citations omitted); *see also Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) ("no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action"); *Doering v.*

*Copper Mt., Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) (finding no general jurisdiction because "the mere placement of advertisements in nationally-distributed publications cannot be regarded as 'continuous and systematic' in nature."); *Haas v. A.M. King Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998) ("contacts have basically amounted to placing national and regional advertisements, sending out direct mailings, and maintaining a website. The mere placement of advertisements in journals of national distribution cannot be regarded as 'continuous and systematic' in nature in a given state."). Permitting otherwise "would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler*, 134 S. Ct. at 761-62 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

That Assurance used a marketing agency to contract with a third-party Publisher, who based on information provided by Plaintiff's counsel, it understands is not located in California but the Philippines, is insufficient to confer general jurisdiction. (Lorge Decl. ¶ 14.) Indeed, even a relationship with a third-party Publisher that might itself be doing business in California does not create some sort of jurisdiction by association. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (no jurisdiction where "handful" of licensing agreements "constitute[d] doing business with California, but [did] not constitute doing business in California"). Based on the facts of this case and legal precedent, no general jurisdiction exists over Assurance.

**B.    There Is No Basis for Specific Jurisdiction over Assurance.**

If no general jurisdiction exists, then Plaintiff must establish specific jurisdiction to avoid dismissal. Specific jurisdiction is only established if Plaintiff's suit arises out of or sufficiently relates to the defendant's contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780; *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984))

("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation'").

The Ninth Circuit analyzes specific jurisdiction under the following test: (1) the nonresident defendant must "purposefully direct his activities" in the forum; (2) the claim must "arise[] out of or relate[] to" the defendant's forum-related activities; and (3) the exercise of jurisdiction "must be reasonable," comporting with fair play and substantial justice. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *see also Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (affirming dismissal for lack of personal jurisdiction). Plaintiff must meet her burden of proving the first two prongs before Assurance has to demonstrate that the exercise of jurisdiction would be unreasonable. *See Picot*, 780 F.3d at 1211-12. Specific jurisdiction does not exist if any of the prongs is not established. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

### 1. Assurance Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California.

Plaintiff cannot show Assurance took any actions that invoked the benefits or protections of California law. Here Plaintiff has only alleged that she received emails advertising Defendant in California. Assurance did not target Plaintiff in California.

Plaintiff's theory of purposeful availment hinges on affirmative conduct by third-party Publishers rather than on any action taken by Assurance itself. But merely establishing that advertisements associated with the defendant reached consumers in the forum state is insufficient to establish purposeful availment. *See, e.g., Zoobuh, Inc. v. Williams*, 2014 U.S. Dist. LEXIS 175737, at *12-15 (D. Utah Dec. 18, 2014) (granting motion to dismiss for lack of personal jurisdiction where

foreign company's supposedly unlawful email advertisements were sent to forum state residents by third party advertising publishers); *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 156 (D. N.J. 1990) ("In an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction.  Courts generally have refused to adopt such a standard and embark on such a course."); *Alsop v. Carolina Custom Prods., Inc.*, 2007 U.S. Dist. LEXIS 65679, at *19-20 (C.D. Cal. June 29, 2007) (finding defendant did not purposefully direct its activity at California where company advertised in nationally distributed motorcycle magazines.); *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36, 37 (9th Cir. 1980) (no personal jurisdiction over nonresident defendant that advertised its product in national periodicals that circulated in the forum state); *Phillips*, 2006 U.S. Dist. LEXIS 44152 at *21-22; *Haas*, 28 F. Supp. 2d at 648.

Nationally distributed email advertisements are not sufficient to confer specific personal jurisdiction. *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, 2011 U.S. Dist. LEXIS 12150, at *8 (D. Ariz. Jan. 31, 2011) ("nation-wide advertisements do not constitute 'individualized targeting' by Defendants"). "Merely advertising in magazines of national circulation that are read in the forum state is not a significant contact for jurisdictional purposes." *Charia v. Cigarette Racing Team, Inc.*, 583 F.2d 184, 187 (5th Cir. 1978) and *see Benjamin v. Western Boat Bldg. Corp.*, 472 F.2d 723, 731 (5th Cir. 1973).

In *Zoobuh*, which considered nearly identical jurisdictional questions, the court granted foreign defendant Thrive's motion to dismiss for lack of personal jurisdiction even though plaintiff claimed that Thrive sent or caused to be sent "thousands, if not millions" of unlawful advertising emails to plaintiff.  *Zoobuh*,

2014 U.S. Dist. LEXIS 175737, at *11, *15.  Thrive declared that third-party publishers—not Thrive—sent the emails on Thrive's behalf:

> Thrive Marketing also has no involvement with, or control over, the origination, approval, or delivery of the emails.  It does not draft the content of the emails sent by the publishers; review or approve them; know where (i.e., the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails.  [*Id.* at *12-13.]

The court held that "[b]ased upon the evidence presented, [it could not] find that Defendant Thrive directly took any actions that are the subject of this litigation.  Instead, Defendant used third-parties who sent the emails of which Plaintiff complains."  *Id.* at *13.  Accordingly, "there is nothing that would permit the Court to impute the contacts of these third-party publishers to Defendant Thrive."  *Id.* at *14.

In reliance on *Zoobuh*, in a recent Central District of California case with almost identical facts as here, the court granted defendant's motion to dismiss for lack of personal jurisdiction.  *Durward v. One Techs. LLC*, 2019 U.S. Dist. LEXIS 174012 (C.D. Cal. Oct. 3, 2019).  Durward alleged that One Technologies sent millions of email advertisements in violation of Cal. Bus. & Prof Code 17529.5, through third-party advertising partners, including at least 15 emails containing third-party domain names such as Walmart, Netflix, Ebay, and Craigslist.  In granting defendants' motion to dismiss, the court noted: "[t]his case is therefore like *Zoobuh/Williams*, in which emails sent by third-party marketing publishers could not be attributed to the defendant for purposes of establishing purposeful availment for specific personal jurisdiction." [3] *Id.* at *13.

---

[3] Following a Motion for Jurisdictional Discovery, the court in *Durward* granted limited jurisdictional discovery on "six narrowly tailored interrogatory requests and two narrowly tailored requests for production" noting "[w]hile the Court finds this unlikely, the Court cannot say for certain that there is no possibility that the requested information could reveal sufficient grounds for general jurisdiction."

Similar to Thrive and One Technologies, Assurance did not purposefully avail itself of the privilege of conducting activities in the forum state, and there is no specific jurisdiction over Assurance in California.  As in *Zoobuh*, Assurance, a foreign defendant, relies solely on third-party Publishers to send email advertisements, like the two emails Plaintiff claims she received.  (Lorge Decl., ¶¶ 7-10.)  Like the foreign defendant in *Zoobuh* and *One Technologies*, Assurance has no involvement with, or control over, the transmission or delivery of the emails.  (*Id*. ¶¶ 9-10, 17.)  It does not know the locations of the recipients to which the publishers send the emails; nor decide the recipients to whom the publishers should send any emails.  (*Id*.)  Instead, Publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient.  (*Id*.)

In *Zoobuh*, the court did not find personal jurisdiction when tens of thousands of emails were at issue.  The court in *One Technologies,* did not find specific jurisdiction where millions of emails were alleged.  Certainly, here where the facts are almost identical except there are substantially less -- in fact, maybe one or possibly two -- emails at issue, *not* 10,000 or a million.

On top of not deciding to whom the emails are sent and not knowing any given recipient's identity, location, or email address, Assurance cannot identify the location of any given email recipient.  (*Id*. ¶¶ 18, 20.)  Assurance did not instruct the Publisher to email California specific residents.  (*Id*. ¶ 17.)

As Plaintiff cannot establish the element of purposeful availment, the inquiry into specific jurisdiction ends here, and the Court may dismiss Plaintiff's Complaint on this ground alone.  Nonetheless, Plaintiff is also unable to show her claim arises out of any forum-related activities of Assurance.

---

*Durward v. One Techs.* LLC, 2:19-cv-06371-GW-AGRx (S.D. Cal. Dec. 19, 2019) (ECF No. 43, p. 4 of 5).  Discovery is ongoing.

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

## 2.    Plaintiff's Claim Does Not Arise Out of Any Forum-Related Activity of Assurance.

Plaintiff's claim does not and cannot arise out of Assurance's forum-related activities because Assurance did not send the emails at issue.  *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985) (requiring "substantial connection" between defendant's forum contacts and plaintiff's claim).  "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (no specific jurisdiction where non-resident plaintiffs' claims were not causally linked to defendant's conduct in forum state). Plaintiff has not made a sufficient showing that Assurance caused the subject emails to be sent to the forum state, or a causal link between Assurance's attenuated California contacts and its alleged conduct in this case.  *See Silverstein v. Experienced Internet.Com, Inc.*, 2005 U.S. Dist. LEXIS 50499, at *9 (N.D. Cal. Jul. 11, 2005).

Nor, for purposes of a jurisdictional analysis, can the conduct of a third-party publisher be imputed to Assurance, as a matter of law, where the publisher is an independent contractor, who provides services to many Companies.  *See Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1378 (9th Cir. 1981) (foreign defendant is usually not subject to local jurisdiction because of "contacts" by an independent contractor, e.g., a local distributor who handles many products, including those of foreign corporation).

Furthermore, the mere fact that a plaintiff suffered alleged harm in the forum state is insufficient to justify exercising personal jurisdiction over a non-resident defendant, especially where that defendant had no direct contact with the plaintiff. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014).  Rather, the plaintiff must establish the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Id.* at 285.

And advertising in California alone is not enough.  "[S]o far as we are aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state."  *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 415, 418 (9th Cir. 1997).

Significantly, there is no evidence Assurance sent any emails to Plaintiff. Plaintiff's Complaint is in accord.  (FAC ¶ 72.)  Rather, a third-party Publisher, also not in California, may have sent the emails at issue.  (Lorge Decl., ¶¶ 13-14.)  The conduct of a third-party publisher that allegedly sent one or two emails to this Plaintiff cannot be imputed to Assurance for purposes of personal jurisdiction.

Moreover, Assurance had no contact with Plaintiff prior to this case.  (*Id.* ¶¶ 5, 21-22.)  The mere fact Plaintiff alleges she suffered harm in California by receiving the emails is insufficient to justify exercising personal jurisdiction over Assurance, a non-resident defendant.  Nor has Plaintiff made a sufficient showing that Assurance caused the subject emails to be sent to California.  She has not because she cannot. Absent such a showing, there is no basis for finding Defendants had sufficient contacts with California on which to base personal jurisdiction.  Again, on this basis alone, Plaintiff's Complaint should be dismissed.

### 3. Exercising Jurisdiction over Assurance Would Offend Traditional Notions of Fair Play and Substantial Justice.

Even if Plaintiff could establish that Assurance purposely availed itself of the privilege of conducting activities in California and that her claim arises out of Assurance's forum-related activities, the Court should still dismiss Assurance because the exercise of jurisdiction over it would be unfair and unjust.  *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal.*, 480 U.S. 102, 113 (1987) (in making the "reasonableness" determination, courts must consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief").

The Ninth Circuit considers the following factors in determining the reasonableness of exercising personal jurisdiction: (1) the extent of the defendant's purposeful interjection into the forum; (2) the burden on the defendant to defend in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and efficient relief; and (7) the existence of an alternative forum.  *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F. 2d 299, 302 (9th Cir. 1986).

As detailed above, Assurance's contacts to California are extremely attenuated and do not rise to a level such that it could have anticipated that it would be haled into court here.  *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).  Moreover, the burden imposed on Assurance by having to litigate in California is significant.  All of Assurance's records that might be relevant to this action are located in Washington at its principal place of business and any relevant witnesses for Assurance work in the Washington office, with one potential witness working remotely in Oregon (and commuting as needed to Washington). (Lorge Decl., ¶ 2.)  Next, California's interest in pursuing a Washington limited liability company based in Washington for one or possibly two emails that the company did not direct, control, or even know were sent to a California citizen is minimal.  Nor is there any evidence that more than two emails were sent to a California resident.  (*Id.* ¶¶ 18.)  Rather, at best the evidence available to Assurance shows only three leads in California were generated by this Publisher at issue.  (*Id.* ¶ 20.)  Of those, Assurance cannot determine if the leads were from email or other advertising activities.  (*Id.*)  The receipt of one or two emails is not a substantial interest of California residents.  Finally, Plaintiff's interest in obtaining relief (to the extent she can prove she is

entitled to such relief) is unaffected by dismissal because Plaintiff can bring suit against Assurance in the State of Washington.

"The due process clause of the Fourteenth Amendment requires that the defendant must have minimum contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988).  Exercising jurisdiction over Assurance would not comport with this traditional notion of fair play and substantial justice.

## V.   <u>CONCLUSION</u>

Plaintiff cannot establish general jurisdiction because Assurance is a Washington limited liability company, based in Washington, that is not otherwise "at home" in California.  Plaintiff cannot establish specific jurisdiction because Assurance did not send the emails at issue, much less intentionally send them into California or to Plaintiff.  Plaintiff's claims arise from the conduct of third-parties, not Assurance's conduct or any forum-related conduct of Assurance; and exercising jurisdiction would be unfair and unjust under the balancing of the equities. Therefore, the Court should grant Assurance's motion and dismiss the action under Rule 12(b)(2).

//

//

//

//

//

//

//

//

//

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

Respectfully submitted,

Dated:  March 6, 2020                    DE DIEGO LAW LLC

By:   _/s/Sarah de Diego_____
                                                  Sarah de Diego

DENTONS US LLP

Dated:  March 6, 2020

By:   _/s/Laura Geist_____
                                                  Laura Leigh Geist
                                         Attorneys for Defendant
                                         ASSURANCE IQ, INC. d/b/a
                                         MedicarePlan.com

SIGNATURE CERTIFICATION

        I hereby certify that the contents of this  document are acceptable to Sarah de Diego, co-counsel for Defendant Assurance IQ, Inc. d/b/a MedicarePlan.com and that I have obtained counsel's authorization to affix her signature to this document.

By: _/s/Laura Geist_____

DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California  90017.

I hereby certify that on March 6, 2020, I electronically filed the foregoing **DEFENDANT ASSURANCE IQ, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties:

> Abbas Kazerounian, Esq.
> ak@kazlg.com
> Clark R. Conforti, Esq.
> clark@kazlg.com
> KAZEROUNI LAW GROUP, APC
> 245 Fischer Avenue, Unit D1
> Costa Mesa, CA  92626
> Telephone:  (800) 400-6808
> Facsimile:   (800) 520-5523

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 6, 2020 at Oakland, California.

_____
Carrie M. Rice

114337202