SARAH DE DIEGO (SBN 239321)
sarah@dediego.law
DE DIEGO LAW LLC
1607 Ave Juan Ponce de Leon
Cobian Plaza GM06
San Juan, PR 00909
Telephone:  (310) 980-8116
Facsimile:   (866) 774-7817

LAURA LEIGH GEIST (SBN 180826)
laura.geist@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
Telephone:  (415) 882-5000
Facsimile:   (415) 882-0300

JUDITH SHOPHET SIDKOFF (SBN 267048)
judith.sidkoff@dentons.com
DENTONS US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, CA 90017-5704
Telephone:  213 623 9300
Facsimile:   213 623 9924

ROBERT A. COCCHIA (SBN 172315)
robert.cocchia@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, CA  92121
Telephone:  619 236-1414
Facsimile:   619 232-8311


Attorneys for Defendant
ASSURANCE IQ, INC. d/b/a MedicarePlan.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY NICHOLS, individually and on behalf of all others similarly situated, | No. 3:20-cv-00210-BAS-AHG |
| Plaintiff, | CLASS ACTION |
| vs. | **DEFENDANT ASSURANCE IQ, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2)** |
| ASSURANCE IQ, INC. d/b/a MedicarePlan.com; and DOES 1-100, inclusive., | |
| Defendants. | |

| | Action Filed: October 18, 2019 |
| | Removed:        January 31, 2020 |
| | Trial Date:  None Set |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ASSURANCE IQ, INC.'S REPLY MEMO ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO. 3:20cv00210

1

## TABLE OF CONTENTS

Page

I. THERE IS NO BASIS FOR PERSONAL JURISDICTION
OVER ASSURANCE .......................................................... 1

    A. Assurance is Not "At Home" in California -- There is
No General Jurisdiction.................................................. 1

II. THERE IS NO BASIS FOR SPECIFIC JURISDICTION ............................. 4

    A. Assurance Did Not Expressly Aim Its Conduct at
Plaintiff, and the Acts of a Third Party Publisher
Are Insufficient to Confer Specific Jurisdiction ..................... 4

    B. Assurance's Website Does Not Justify a Finding of
Specific Jurisdiction -- The Website is a Red Herring ........... 6

    C. There is No Causal Link Between Assurance's Forum
Related Activities and Plaintiff's Harm................................ 6

    D. Neither Section 17529.5 Nor Agency Principles Confer
Jurisdiction .................................................................. 7

    E. Assurance Has Met Its Burden to Show the Exercise
of Jurisdiction Would Be Unreasonable ............................ 8

III. JURISDICTIONAL DISCOVERY IS UNWARRANTED............................. 9

IV. TOLLING IS UNNECESSARY ...................................................... 10

V. CONCLUSION ........................................................................ 10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ASSURANCE IQ, INC.'S REPLY MEMO ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO. 3:20cv00210

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Abbott Power Corp. v. Overhead Elec. Co.*,
   60 Cal. App. 3d 272 (1976) ................................................................. 5

6

7
*Archie v. Pop Warner Little Scholars, Inc.*,
   2017 U.S. LEXIS 123446 (C.D. Cal. May 12, 2017) ........................... 4

8

9
*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ............................................................. 4

10

11
*Bristol-Myers Squibb Co. v. Sup. Ct.*,
   137 S. Ct. 1773 (2017) ......................................................................... 6

12

13
*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) ............................................................. 5

14

15
*Crafty Prods. v. Fuqing Sanxing Crafts Co.*,
   2016 U.S. Dist. LEXIS 134960 (S.D. Cal. Sept. 29, 2016) (Bashant, J.) ....... 3, 5, 9

16
*Daimler AG v. Baurman*,
   571 U.S. 117 (2014) ...................................................................... 2, 3, 7

17

18
*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ............................................................... 5

19

20
*DFSB Kollective Co. Ltd. v. Bourne*,
   897 F. Supp. 2d 871 (N.D. Cal. 2012) ................................................. 6, 7

21

22
*Durward v. One Techs. LLC*,
   2019 U.S. Dist. LEXIS 174012 (C.D. Cal. Oct. 3, 2019) ................. 4, 6, 7

23

24
*Hatfield v. Halifax PLC*,
   564 F.3d 1177 (9th Cir. 2009) ........................................................... 10

25

26
*Lo v. Assurance IQ, Inc.*,
   Case No. 2:18-c-v-01858-BJR (W.D. Wash. 2018) ........................... 9

27
*Loomis v. Slenderstone Distrib., Inc.*,
   2019 U.S. Dist. LEXIS 193169 (S.D. Cal. Nov. 6, 2019) .................... 2

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*McGee v. Int'l Life Ins. Co.*,
   78 S. Ct. 199 (1957)...............................................................................5

*Medmark, LLC v. Idingo, LLC*
   2018 U.S. Dist. LEXIS 224517 (C.D. Cal. Nov. 2, 2018) ......................6

*Metropolitan Life Ins. Co. v. Neaves*,
   912 F.2d 1062 (9th Cir. 1990) ................................................................5

*In re Packaged Seafood Prods. Antitrust Litig.*,
   338 F. Supp. 3d 1118 (S.D. Cal. 2018) ...................................................3

*Phillips v. Worldwide Internet Sols.*,
   2006 U.S. Dist. LEXIS 44152 (N.D. Cal. June 20, 2006) .............2, 4, 5

*Schramm v. JPMorgan Chase Bank, N.A.*,
   2012 U.S. Dist. LEXIS 198339 (C.D. Cal. Aug. 16, 2012) ..................10

*Silverstein v. Experienced Internet.Com, Inc.*,
   2005 U.S. Dist. LEXIS 50499 (N.D. Cal. July 8, 2005) .........................7

*Sivilli v. Wright Med. Tech., Inc.*,
   2019 U.S. Dist. LEXIS 105416 (S.D. Cal. June 24, 2019) .....................7

*Terracom v. Valley Nat. Bank*,
   49 F.3d 555 (9th Cir. 1995) .....................................................................9

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) .............................................................3, 7

*Zeta-Jones v. The Spice House*,
   372 F. Supp. 2d 568 (C.D. Cal. 2005) .....................................................9

*Zoobuh, Inc. v. Williams*,
   2014 U.S. Dist. LEXIS 175737 (D. Utah Dec. 18, 2014) ..............2, 4, 8

**Other Authorities**

Rule 12(b)(2)..............................................................................................7

Bus. & Prof. Code Section 17529.5..........................................................7

## I.   THERE IS NO BASIS FOR PERSONAL JURISDICTION OVER ASSURANCE

Plaintiff's claim of personal jurisdiction over Assurance IQ, LLC ("Assurance") in California is obtuse.  Jurisdiction is precise.  Plaintiff is not.  She conflates the law of general and specific jurisdiction and muddles the important facts.  Plaintiff claims Assurance is subject to general jurisdiction "because it has purposefully availed itself of the benefits and protections of California," but that is not the test.  For general jurisdiction, the test is whether California is Assurance's "home," which it is not.  It is neither incorporated nor does it have its principal place of business in California.  No extraordinary facts are alleged or exist to support general jurisdiction.

Plaintiff attempts to assert specific jurisdiction against Assurance by claiming general transactions with California residents *unrelated* to her allegations regarding receipt of two emails.  General conduct is not the test for specific jurisdiction.  Rather, Plaintiff must show Assurance injected itself into California and specifically directed the alleged wrongful conduct in California, i.e., that Assurance sent the emails to Plaintiff in California.  Because she cannot make that claim, Plaintiff turns away from the two emails that form her lawsuit.  She instead improperly focuses on Assurance's website and the activities of unnamed parties that are unrelated to Plaintiff or her claims.  Plaintiff fails to address the relevant law and the pertinent facts.  Plaintiff cannot meet her burden of establishing either general and specific personal jurisdiction.  The First Amended Complaint ("Complaint") should be dismissed for lack of jurisdiction.

### A.   Assurance is Not "At Home" in California -- There is No General Jurisdiction

Plaintiff ignores *all of the authority* cited by Assurance that establishing general jurisdiction, absent incorporation or principal place of business, is a high bar.  A bar Plaintiff cannot meet.  This is not an exceptional case and there is no

-1-

agency theory for general jurisdiction.  *Daimler AG v. Baurman*, 571 U.S. 117, 137 (2014) ("places of incorporation and principal place of business are paradigm bases for general jurisdiction").  Plaintiff concedes Assurance is a Washington limited liability company with its principal place of business in Washington, *not* California. (Doc. 1-2 ¶ 23; Doc. 9-2 ¶ 2.)  Plaintiff fails to carry her burden to show that this is an "exceptional case" whereby Assurance's affiliations with California are so "continuous and systematic as to render it essentially at home" here.  *Id*. at 139. Nothing about Assurance's operations suggests that its business within the state is more pronounced than that conducted elsewhere.  *See Loomis v. Slenderstone Distrib., Inc.*, 2019 U.S. Dist. LEXIS 193169, at *18-19 (S.D. Cal. Nov. 6, 2019)(company not "at home" where business within forum state similar to that conducted across other states).  Indeed, the opposite is true.  It is uncontroverted that Assurance does not have any offices, property, mailing addresses, or agents for service of process in California.  (Doc. 9-2 ¶¶ 2-3, 7-8; Doc. 9-3 ¶¶ 7-8.)  Only five of its 150 employees work remotely from within the state, and none are engaged in activity related to the Complaint.  (Doc. 9-3 ¶¶ 5-6; Doc. 9-2 ¶ 3.)

Plaintiff also ignores the authorities cited by Assurance that decline to find general jurisdiction in similar circumstances; these cases firmly establish that Assurance's advertising through a third-party Publisher is insufficient to confer general jurisdiction.  *See, e.g., Phillips v. Worldwide Internet Sols*., 2006 U.S. Dist. LEXIS 44152, at *15 (N.D. Cal. June 20, 2006)(no general jurisdiction in case alleging §17529.5 violation even where defendant partnered with California vendors and had California customers); *Zoobuh, Inc. v. Williams*, 2014 U.S. Dist. LEXIS 175737, at *14-15 (D. Utah Dec. 18, 2014).

Instead, Plaintiff incorrectly suggests that Assurance's website amounts to "continuous and systematic" contact with the forum state.  But, "the mere maintenance of an interactive website . . . is insufficient to support general jurisdiction over a foreign defendant, even if residents of the forum state visit the

-2-

website *and* make purchases through it." *Crafty Prods. v. Fuqing Sanxing Crafts Co.*, 2016 U.S. Dist. LEXIS 134960, at *14 (S.D. Cal. Sept. 29, 2016) (Bashant, J.)(to allow otherwise would inevitably result in "the eventual demise of all restrictions on the personal jurisdiction of state courts")(citation and internal quotations omitted). That Assurance has a website is insufficient to confer general jurisdiction.

Plaintiffs' muddying of corporate distinctions among Assurance, its sole member (Prudential), and its subsidiary (National Family Assurance Group LLC ("National Family")) to suggest that their combined conduct within the forum makes Assurance "at home" contradicts both law and fact. (Doc. 14 at 4-7.) *Daimler* invalidated the agency approach for imputing contacts for the purpose of general jurisdiction. *Id.*, 571 U.S. at 135-36 ("The Ninth Circuit's agency theory thus appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we [previously] rejected"); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021, 1023 (9th Cir. 2017)(subsidiary's in-state contacts did not confer jurisdiction onto defendant); *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1143 (S.D. Cal. 2018)(a parent-subsidiary relationship "is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction"). There are no facts alleged, nor do any exist, to make a prima facie case that Assurance and any other implicated entity (Prudential, National Family, or Publishers) are alter egos or fail to adhere to corporate formalities.

While Plaintiff's argument is opaque, the law and facts here are clear. Assurance is not "at home" in California. A website is insufficient to establish general jurisdiction. And the Ninth Circuit does not recognize agency theory as a means to confer general jurisdiction. There are no facts alleged, as none exist, to support a claim for alter ego. There is no general jurisdiction in this case.

-3-

## II.    THERE IS NO BASIS FOR SPECIFIC JURISDICTION

### A.    Assurance Did Not Expressly Aim Its Conduct at Plaintiff, and the Acts of a Third Party Publisher Are Insufficient to Confer Specific Jurisdiction

By Plaintiff's logic, Assurance is subject to jurisdiction in every state an email is sent irrespective of who actually sent the email or if it was specifically directed to the state.  "Such a finding would run afoul of the Ninth Circuit's standard that a defendant 'expressly aim' its conduct at the forum state."  *Archie v. Pop Warner Little Scholars, Inc*., 2017 U.S. LEXIS 123446, at *22-23  (C.D. Cal. May 12, 2017).  Such "'random, fortuitous, or attenuated contacts' will not suffice" to establish jurisdiction.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017)(specific jurisdiction lacking where foreign LLC emailed allegedly infringing newsletter to over 300 recipients, only 10 of which were in California).

Plaintiff again ignores Assurance's cited authorities, which decline to impute third-party publishers' conduct to defendants in factually analogous situations for purposes of establishing specific jurisdiction.  *See, e.g., Zoobuh,* 2014 U.S. Dist. LEXIS 175737, at *12-15 (no jurisdiction where defendant's email ads were sent to forum state residents by third party publishers); *Durward v. One Techs. LLC*, 2019 U.S. Dist. LEXIS 174012, *13 (C.D. Cal. Oct. 3, 2019)("emails sent by third-party marketing publishers could not be attributed to the defendant for purposes of establishing purposeful availment"); *Phillips*, 2006 U.S. Dist. LEXIS 44152, at *21-22.  These cases demonstrate that even if the Defendant knows a third party might send advertisements to the forum state on its behalf, that is not enough to confer specific jurisdiction.  Plaintiff ignores the relevant law, because she has no answer.

Assurance never contracted with or provided any products or services directly to Plaintiff.  (Doc. 9-3 ¶¶ 21-22.)  Even though Plaintiff is alleged to have

-4-

received the emails giving rise to her claim in California, Plaintiff concedes the emails were not sent directly by Assurance, but by a third-party Publisher (also located outside of California).  (Doc. 1-2 ¶¶ 72-72; Doc 9-3 ¶¶ 5, 21-22.)  Assurance did not contract directly with the Publisher of the subject emails.  (Doc 9-3 ¶¶ 5, 12, 21-22.)  And importantly, Assurance has no access to, involvement with, or control over the transmittal or recipients of the email advertisements sent by the Publisher.  (Doc. 9-3 ¶¶ 9-12, 17.)[1]  It is uncontroverted that a third party transmitted the subject emails without Assurance's knowledge of where they were sent.  (Id.)  In sum, Assurance did not send the emails and it did not direct the third party Publisher to send emails to Plaintiff in California.

Plaintiff's authorities are inapposite.  In each case she cites, there is a direct contractual relationship with the California plaintiff, a relationship entirely absent here.  *See, e.g., McGee v. Int'l Life Ins. Co*., 78 S. Ct. 199, 223 (1957) (suit based on insurance contract delivered to party in forum state); *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 840 (9th Cir. 1986)(contract at issue required company deliver goods to forum state); *Abbott Power Corp. v. Overhead Elec. Co*., 60 Cal. App. 3d 272, 279 (1976)(defendants' sending to forum state letters gave rise to contractual interference claim); *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1064 (9th Cir. 1990)(defendant directly mailed fraudulent forms to forum-based insurer intending to deprive another of benefits).  Where a plaintiff fails to establish the defendant directly targeted her and the activity in California, there is no specific jurisdiction.  *Crafty Prods*., 2016 U.S. Dist. LEXIS 134960, at *25 (plaintiff failed to identify facts demonstrating defendant individually targeted plaintiff or even knew plaintiff was a California resident).  There is no contractual relationship between Plaintiff and Assurance.  It is

---

[1] Plaintiff's unsubstantiated allegations that Assurance "directed its advertising" cannot refute evidence to the contrary.  *See CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1073 (9th Cir. 2011).

1   undisputed Assurance did not send Plaintiff the two emails at issue.   There is no

2   specific conduct directed to Plaintiff by Assurance in California.

**B.     Assurance's Website Does Not Justify a Finding of Specific Jurisdiction -- The Website is a Red Herring**

5          Plaintiff's sole cause of action is based on two emails she received.  Not

6   Assurance's website.  Assurance's operation of a website does not amount to

7   Assurance expressly aiming its conduct at the forum.  *See Medmark, LLC v. Idingo*,

8   LLC, 2018 U.S. Dist. LEXIS 224517, at *14-15 (C.D. Cal. Nov. 2, 2018); *DFSB*

9   *Kollective*, 897 F. Supp. 2d at 880 (a "defendant has not purposefully availed

10  himself of the privilege of conducting activities in a forum state merely because he

11  operates a website which can be accessed there").  While "business transactions

12  which are conducted via the Internet may subject a defendant to specific

13  jurisdiction," Plaintiff conveniently overlooks that there is no business transaction

14  between her and Assurance in this case.  (Doc. 14 at 9:13-17; Doc. 9-3 ¶¶ 21-22.)

15  Her case is about receipt of two emails, not Assurance's website.

**C.     There is No Causal Link Between Assurance's Forum Related Activities and Plaintiff's Harm**

18         Plaintiff's claim does not "arise out of" any of Assurance's activities in this

19  state.  There is no link between Assurance's forum related activities and Plaintiff's

20  claims on the two emails she received.  Plaintiff's claims would be exactly the same

21  even if Assurance had no California contacts (i.e., no website).  *See Bristol-Myers*

22  *Squibb Co. v. Sup. Ct.*, 137 S.Ct. 1773, 1781 (2017)(requiring "affiliation between

23  the forum and the underlying controversy").  Allegations a website accepts

24  customers from California are insufficient.  *Durward*, 2019 U.S. Dist. LEXIS

25  174012, at *15 (plaintiff's claim arose from spam emails she allegedly received, not

26  from any interaction with defendant's website).  Plaintiff's claim is not that the

27  website violates California law, but that the emails do, and her claim on the emails

28  exists independent and irrespective of the website.

-6-

D.    **Neither Section 17529.5 Nor Agency Principles Confer Jurisdiction**

Neither the legislative intent nor the imposition of liability under Section 17529.5 establishes jurisdiction.  The inquiry is not whether Assurance is liable for its advertising but whether there is a procedural defect to Plaintiff's Complaint in bringing her action in California.  *DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 885 (N.D. Cal. 2012) ("personal jurisdiction inquiry . . . does not depend on whether the Court is convinced the defendant engaged in unlawful and undesirable conduct").  The statute does not supplant the requisite finding of personal jurisdiction before adjudicating alleged violations thereof.  *See, e.g., Silverstein v. Experienced Internet.Com, Inc.*, 2005 U.S. Dist. LEXIS 50499, at *6-7 (N.D. Cal. July 8, 2005); *Durward*, 2019 U.S. Dist. LEXIS 174012, at *16-17 (granting Rule 12(b)(2) motion to dismiss complaint alleging violation of section 17529.5 involving third party publishers).

Nor is Plaintiff's agency theory good law.  The Ninth Circuit and the Supreme Court soundly reject the continued validity of agency theory, recognizing that the approach "stacks the deck, for it will always yield a pro-jurisdiction answer."  *Daimler*, 571 U.S. at 136; *Williams*, 851 F.3d at 1024 ("the *Daimler* Court's criticism of the [agency test] . . . applies with equal force regardless of whether the standard is used to establish general or specific jurisdiction").  Plaintiff's reliance on authorities pre-dating *Daimler* are unavailing and misleading.  (*See* Doc. 14 at 10:22-11:6.)  Any limited vestige of agency theory to the existence of specific jurisdiction, must be grounded in the right to corporate control over the entity.  *See Williams*, 851 F.3d at 1024-25 (under any standard to find agency, a parent company must have the right to substantially control its subsidiary's activities); *Sivilli v. Wright Med. Tech., Inc.*, 2019 U.S. Dist. LEXIS 105416, *14-15 (S.D. Cal. June 24, 2019) (conclusory allegations failed to show requisite control to impute contacts).  Use of a third party publisher is not enough to establish

-7-

1   "agency" for jurisdiction. *Zoobuh*, 2014 U.S. LEXIS 175737, at \*14-15 ("at best,
2   Plaintiff has shown contacts with the third-party publishers and [the forum state],
3   but has not provided evidence of any minimum contacts between Defendant and the
4   forum state"). Plaintiff fails to make a prima facie case for any corporate "control"
5   by Assurance over the third party Publisher.

6   Nor can she, as Assurance is thrice removed from the Publisher who sent the
7   emails. (Doc. 9-3 ¶ 11.) Assurance's Washington-based subsidiary National
8   Family contracted with a third-party advertising agency, and a Publisher of the
9   advertising agency sent the subject email. (Id.) Assurance does not direct and has
10  no control over any aspect of transmitting emails or choosing recipients; this
11  arrangement is standard industry practice. (*Id*. ¶¶ 9-10.) The Publisher's conduct
12  cannot be imputed to Assurance by leap-frogging over the advertising agency and
13  National Family, neither of which are in California, and asserting agency
14  jurisdiction where there is no corporate affiliation or control between Assurance
15  and the Publisher.

16      **E.   Assurance Has Met Its Burden to Show the Exercise of
17              Jurisdiction Would Be Unreasonable**

18      Assurance's limited California contacts do not make the exercise of
19  jurisdiction reasonable. The key witnesses and relevant evidence are located in and
20  around Washington. (Doc. 9-3 ¶ 2.) The burden on Assurance to defend itself in
21  California would be significant and onerous, as the Washington-based entity does
22  not maintain any presence here beyond five (of 150) employees whose remote work
23  is unrelated to the claim at issue. California's interest in pursuing a Washington
24  entity for two emails Assurance did not direct, control, or even know were sent to a
25  California resident is not compelling. An alternate forum exists. Plaintiff can file
26  suit against Assurance in Washington. Plaintiff's lead counsel is admitted to
27  practice in Washington, which eases the burden and any potential prejudice to
28

1  Plaintiff (who could still be deposed in California).[2]  (Doc. 14 at 21:8-10.)  Other

2  federal courts are as capable of interpreting and applying California law.  *See, e.g.,*

3  *Zeta-Jones v. The Spice House*, 372 F. Supp. 2d 568, 576 (C.D. Cal. 2005).  The

4  exercise of jurisdiction here is not reasonable.

5  **III.    JURISDICTIONAL DISCOVERY IS UNWARRANTED**

6          There is no basis or need for jurisdictional discovery.  Plaintiff seeks to

7  investigate Assurance's relationships with its sole partner and its subsidiary.  She

8  again hints at the prospect of alter ago despite the absence of any allegations or

9  evidence.  It is undisputed that the subject emails were not sent by Assurance or its

10 subsidiary National Family and there is no claim Prudential had any direct contact

11 or for that matter any contact at all related to this case.  (Doc. 9-3 ¶¶ 13-14, 17;

12 Doc. 1-2 ¶ 72.)  Even if Plaintiff could prove that Assurance completely controlled

13 National Family's activities as they relate to this case -- which she cannot -- that is

14 still a step removed from proving the same as to third-party foreign Publishers.

15         The relationship between Assurance, National Family and Prudential is

16 entirely irrelevant.  It is undisputed an unrelated entity, the Publisher, sent the

17 emails.  "[P]urely speculative allegations of attenuated jurisdictional contacts are

18 insufficient to warrant jurisdictional discovery."  *Crafty Prods.*, 2016 U.S. Dist.

19 LEXIS 134960 at *34, citing *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011);

20 *see also Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)

21 (jurisdictional discovery inappropriate where plaintiff failed to show how further

22 discovery would allow it to contradict affidavits submitted by defendants).

23 Assurance submitted evidence that it has no control over the transmission or

24 delivery of email advertisements (other than requiring publishers refrain from

25

26 ─────────────────

27 [2]  Indeed, Plaintiff's lead counsel is well versed in filing lawsuits against Assurance
   in the District of Washington.  *See, e.g., Lo v. Assurance IQ, Inc.*, Case No. 2:18-c-
28 v-01858-BJR (W.D. Wash. 2018).

1  sending emails to opt-outs), as is standard industry practice.  (Doc. 9-3 ¶ 9.)  No
2  amount of discovery will change these facts.

3  **IV.   TOLLING IS UNNECESSARY**

4     Without citing any authority, Plaintiff requests the Court toll the applicable
5  statute of limitations to allow Plaintiff time to transfer to a proper forum.  Plaintiff's
6  lead counsel is already admitted to practice in Washington, so there is no need to
7  grant such a request.  (Doc. 14 at 21:8-10.)  And while equitable tolling exists under
8  a narrow set of circumstances, none are present here (let alone argued by Plaintiff).
9  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009); *Schramm v.*
10 *JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 198339, at *10-11 (C.D. Cal.
11 Aug. 16, 2012).  Plaintiff's tolling request should be denied.

12 **V.   CONCLUSION**

13    Plaintiff has not and cannot establish personal jurisdiction over Assurance in
14 California.  Her Complaint should be dismissed.

15
16                                 Respectfully submitted,
17 Dated:  March 30, 2020          DE DIEGO LAW LLC

18
19                                 By:  _____/s/Sarah de Diego_____
                                          Sarah de Diego
20                                 Attorneys for Defendant
21                                 ASSURANCE IQ, INC. d/b/a
                                   MedicarePlan.com
22 Dated:  March 30, 2020          DENTONS US LLP
23
24                                 By:  _____/s/Laura Geist____
                                          Laura Leigh Geist
25                                 Attorneys for Defendant
26                                 ASSURANCE IQ, INC. d/b/a
                                   MedicarePlan.com
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>SIGNATURE CERTIFICATION</u>

I hereby certify that the contents of this document are acceptable to Sarah de Diego, co-counsel for Defendant Assurance IQ, Inc. d/b/a MedicarePlan.com and that I have obtained counsel's authorization to affix her signature to this document.

By:  */s/Laura Geist*_____

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California  90017.

I hereby certify that on March 30, 2020, I electronically filed **DEFENDANT ASSURANCE IQ, LLC'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** with the Clerk of the Court using the ECF system which did send notification of such filing to the following parties:

> Abbas Kazerounian, Esq.
> ak@kazlg.com
> Clark R. Conforti, Esq.
> clark@kazlg.com
> KAZEROUNI LAW GROUP, APC
> 245 Fischer Avenue, Unit D1
> Costa Mesa, CA  92626
> Telephone:  (800) 400-6808
> Facsimile:   (800) 520-5523

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 30, 2020 at Los Angeles, California.

*Carrie M. Rice*

_____
Carrie M. Rice

ASSURANCE IQ, INC.'S REPLY MEMO ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO. 3:20cv00210

114517100\V-4