UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY NICHOLS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ASSURANCE IQ, INC., dba MedicarePlan.com,<br><br>　　　　　　　　　　Defendant. | Case No. 20-cv-00210-BAS-AHG<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

Defendant removed this action to federal court on January 1, 2020. (ECF No. 1.) Upon review of the Complaint and Notice of Removal, the Court **ORDERS** Defendant to show cause, for the reasons stated below, as to why this action should not be remanded for lack of subject matter jurisdiction.

**I.　BACKGROUND**

On October 18, 2019, Plaintiff Ashley Nichols ("Plaintiff") commenced this action in state court alleging she received two spam emails from Defendant Assurance IQ, Inc. ("Defendant") in November 2018 in violation of California Business and Professions Code § 17529.5. (Compl., Ex. A. to Notice of Removal, ECF No. 1-2.) On December 26, 2019 Plaintiff filed a First Amended Complaint ("FAC") alleging that Plaintiff seeks to represent a statewide class of California residents. (FAC, Ex. A to Notice of Removal, ECF No. 1-

2.) Defendant then removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARD

A court addresses the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## III. ANALYSIS

To invoke a court's diversity jurisdiction, the removing party must plausibly allege that the amount in controversy exceeds $75,000 and complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); *see also, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Federal courts may exercise jurisdiction over class actions removed on the basis of

diversity of citizenship. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007) ("Federal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction provision of § 1332(a)."). Therefore, a class action removed on diversity grounds requires the claims of one or more named representatives of the plaintiff class to exceed $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

"The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). Thus, when removing a case from state court, a defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee*, 574 U.S. at 87 (quoting 28 U.S.C. § 1446(a)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. The Supreme Court has noted that "[b]y design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87 (citation omitted); *see Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 496 (9th Cir. 2019) ("A claim is facially plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, further evidence of the amount in controversy is required "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th. Cir. 2019) (finding error where a district court remanded an action without providing defendant a "fair opportunity to submit proof").

Here, the Court questions Defendant's allegation that the amount in controversy exceeds the statutory minimum required for diversity jurisdiction under 28 U.S.C. § 1332(a). *See, e.g.*, *Arias*, 936 F.3d at 924; *Schneider v. Ford Motor Co.*, 756 Fed. App'x 699, 701 (9th Cir. 2018). In her FAC, Plaintiff alleges that she seeks $2,000 in liquidated

damages as well as an unspecified amount in attorney's fees and costs as authorized by California Business and Professions Code section 17529.5(b)(1)(C), "disgorgement of all profits derived from unlawful spams directed to California residents," and costs of suit. (FAC, Prayer for Relief.)  But Defendant does not plausibly allege that—in addition to the $2,000 sought in liquidated damages—the disgorgement of profits and attorney's fees and costs put the amount in controversy over $75,000.  *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp.*, 545 U.S. at 549.

### A. Attorney's Fees

Defendant compares this case to only one factually distinguishable California appellate court decision to allege that attorney's fees here will exceed the $81,900 in attorney's fees awarded in that case. (Notice of Removal ¶ 11 (citing *Balsam v. Trancos*, 203 Cal. App. 4th 1083, 1093 (Cal. App. Ct. 2012).)  In *Balsam*, seven e-mails were found to be in violation of Business and Professions Code section 17529.5 whereas here, Plaintiff alleges only two e-mails are in violation of the same statute.  (*Id.*)  Additionally, counsel in *Balsam* litigated more causes of action than the case here; for example, the plaintiff in *Balsam* alleged violations of the California Consumer Legal Remedies Act.  *See id.*; *see also* Cal. Civ. Code § 1750.  In the instant case, Plaintiff has stated only one cause of action for violations of § 17529.5.  (*See* FAC ¶¶ 97–108.)

Defendant also alleges that because Plaintiff seeks to represent a class, this case will be "much larger and more complex" than *Balsam* therefore resulting in "potentially a much higher award of attorney fees."  (Notice of Removal ¶ 11.)  In coming to this conclusion, Defendant appears to consider the potential attorney's fees for the entire class.  But the Ninth Circuit has disapproved of aggregating class-wide attorney's fees when assessing the amount in controversy for class actions removed under traditional diversity jurisdiction principles.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (holding that attorney's fees awarded "to a prevailing plaintiff" under a California consumer protection statute must be divided among all members of the plaintiff class for purposes of amount in controversy); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir.

2001) ("We therefore hold that, [under Cal. Civ. Proc. Code § 1021.5], attorneys' fees are not awarded solely to the named plaintiffs in a class action, and that they therefore cannot be allocated solely to those plaintiffs for purposes of amount-in-controversy."); *Snow v. Watkins & Shepard Trucking, Inc.*, No. ED CV 18-2206-DMG (SPx), 2019 WL 1254571, at *5 n.2 (C.D. Cal. Mar. 18, 2019) ("For purposes of traditional jurisdiction in class action cases, the Ninth Circuit has indicated that courts should calculate attorney's fees for amount in controversy purposes on a per-class-member basis.").

### B. Costs

Defendant also provides a detailed breakdown of estimated costs including filing fees, jury fees, and court reporter costs. (Notice of Removal ¶ 12.) Defendant cites *Silverstein v. Keynetics, Inc.* to support the proposition that these costs should be included in the amount in controversy. (*Id.* (citing No. LA CV18-04100 JAK (AGRx), 2018 WL 5795776, at *14 n.5 (C.D. Cal. Nov. 5, 2018).)

However, the Court is not persuaded that costs should be included in the amount in controversy. First, the court in *Silverstein* ultimately did not consider costs in its calculation of the amount in controversy. 2018 WL 5795776, at *14 n.5 ("[B]ecause the amount in controversy exceeds $75,000, exclusive of costs, it is not necessary to consider [costs] here."). Second, *Silverstein* cites a Ninth Circuit case, *Galt G/S v. JSS Scandinavia*, for the proposition that costs may be included in the amount in controversy when a statute, such as Cal Bus. & Prof. Code § 17529.5(b)(1)(C), "authorizes their award either with mandatory or discretionary language." 2018 WL 5795776, at *14 n.5 (citing *Galt*, 142 F.3d 1150, 1156 (9th Cir. 1998)). But *Galt* specifically held that only attorney's fees, when authorized "either with mandatory or discretionary language," may be included in the amount in controversy. 142 F.3d at 1156; *see also id.* at 1153 n.1 (noting that the lower court "did not allow aggregation of the claimed $6,129.09 in costs"). Lastly, the exclusion of costs finds support in other Ninth Circuit case law as well. *See also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (defining that amount in controversy as "any result of the litigation, excluding interests and costs, that 'entails a

payment by the defendant'") (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)).

Nonetheless, even if the Court included costs in its calculation, the amount of costs alleged by Defendant in the Notice of Removal is not sufficient, by itself, to satisfy the amount in controversy. Defendant alleges that the costs would include a $435 filing fee, a $150 jury fee, a total of $780 in daily juror fees plus mileage, $4,430 in court reporter fees, and other unspecified potential litigation costs.[1] (Notice of Removal ¶ 12.) Defendant does not allege that these costs alone satisfy the amount in controversy, and Defendant has not plausibly alleged, exclusive of costs, that the attorney's fees or disgorgement of profits near the $75,000 threshold such that considering costs would be material to the calculation.

### C. Disgorgement of Profits

Lastly, Defendant broadly alleges that disgorgement should be included in the amount in controversy (Notice of Removal ¶ 13) but does not provide any estimate of disgorgement to adduce that it puts the amount in controversy over $75,000. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (stating that "[t]he amount in controversy is simply an estimate of the total amount in dispute"); *see also In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952 (9th Cir. 2001) (discussing when disgorgement of profits can be aggregated for the purpose of amount in controversy). This conclusory statement does not satisfy Defendant's burden on removal. *See Dart Cherokee*, 574 U.S. at 87, 89.

### IV. CONCLUSION

Accordingly, the Court **ORDERS** Defendant to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Defendant's response, including any necessary evidence, shall be filed no later than **August 12, 2020**. If Defendant believes the amount in controversy requirement is satisfied, it should also address whether the Notice of Removal needs to be amended. The Court cautions

---

[1] Defendant also states there is a $60 fee per motion filed, additional court reporter fees for proceedings lasting more than one hour ($443 per proceeding), and fees for transcripts, depositions, and expert witnesses. However, Defendant provides no estimated sum for these fees.

Defendant that a failure to file an adequate response will result in the Court remanding this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**DATED: July 27, 2020**

Hon. Cynthia Bashant
United States District Judge